UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TAWANA R. HARRIS,

               Plaintiff,

-against-    23-CV-1799 (LTS)

ARCHCARE AT MARY MANNING WALSH    ORDER OF DISMISSAL
NURSING HOME,

               Defendant.

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is proceeding *pro se*, filed this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17; the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634; and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131. She alleged that her former employer discriminated against her based on her national origin and age. By order dated May 30, 2023, the Court directed Plaintiff to amend her complaint for a second time to address deficiencies in her amended pleading. Plaintiff filed a second amended complaint on July 6, 2023, and the Court has reviewed it. For the following reasons, the Court dismisses this action.

## BACKGROUND

      The Court assumes familiarity with the May 30, 2023, order, and thus only briefly summarizes the allegations in Plaintiff's amended complaint. Plaintiff brought claims against her former employer, Archcare at Mary Manning Walsh Nursing Home, under Title VII and the ADEA for discrimination on the basis of her national origin and age, identifying herself as an American born in 1982. She asserted that Adanna Simon, a coworker and nurse who sometimes acted as a supervisor at the nursing home, bullied and harassed her while she was at work. Plaintiff described the following incidents in the amended complaint as the bases for her

discrimination claims: (1) on December 22, 2022, Simon called Plaintiff's cellphone while Plaintiff was at work; (2) on January 3, 2023, Simon yelled and cursed at Plaintiff, telling her to answer the call bells in the nursing home's hallways; (3) on January 19, 2023, when Plaintiff walked by the nursing station, Simon made an offensive comment, which Plaintiff characterized as body shaming; (4) on February 2, 2023, Simon called security on Plaintiff after she failed to respond to the call bells while providing a patient with care; and (5) on February 14, 2023, Simon called the police on Plaintiff after she arrived at the nursing home. Plaintiff reported Simon's alleged harassment to the Human Resource Department.

In the May 30, 2023, order, the Court determined that Plaintiff's allegations were insufficient to state national origin or age based claims for discrimination and retaliation under Title VII or the ADEA. Although she had asserted that Simon bullied and harassed her, she did not allege facts suggesting that her American nationality or age played any role in Simon's alleged conduct against her. The Court directed Plaintiff to submit a second amended complaint providing any facts from which an inference could be made that she was subjected to adverse employment action because of her nationality or age.

In the second amended complaint, Plaintiff now brings claims under Title VII, the American with Disabilities Act ("ADA"), which prohibits disability based discrimination, and the Genetic Information Nondiscrimination Act ("GINA"), which prohibits the use of genetic information in employment decisions. She no longer indicates that she is bringing claims for age discrimination under the ADEA. Plaintiff identifies Simon as a supervisor and makes assertions suggesting that Simon subjected her to a hostile work environment with insults, name calling, and offensives jokes. She reiterates that Simon called her personal cellphone while she was at work, made body shaming comments, yelled and screamed at her in the hallways to "[a]nswer

the fucking [b]ells," called security on her, and called the police on her when she arrived late for work. (ECF 7, at 9-10.) She further asserts that Simon's conduct constitutes unlawful harassment and discrimination based on her height and weight, which are "protected characteristic[s]" under a recent New York City law signed by Mayor Eric Adams. (*Id*. at 9.) Plaintiff alleges that she reported the harassment to Human Resources but that her request to keep her and Simon separated was ignored. She claims that Defendant failed to protect her from Simon's actions and that she "had no choice but to part ways," by resigning. (*Id*. at 11.)

## DISCUSSION

### A.  Discrimination Claims

Plaintiff asserts that Defendant discriminated against her in violation of Title VII, the ADA,[1] and GINA,[2] seemingly abandoning her ADEA age discrimination claims from the

---

[1] "The ADA prohibits discrimination against a 'qualified individual on the basis of disability' in the 'terms, conditions, and privileges of employment.'" *Kinneary v. City of New York*, 601 F.3d 151, 155 (2d Cir. 2010) (quoting 42 U.S.C. § 12112(a)). A person is disabled within the meaning of the ADA if the person has "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A).

To state a claim of discrimination in violation of the ADA, a plaintiff must allege facts showing that: (1) her employer is subject to the ADA; (2) she is disabled within the meaning of the ADA (or perceived to be so by her employer); (3) she was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; (4) she suffered an adverse employment action; and (5) the adverse employment action "took place under circumstances giving rise to an inference of discrimination." *Davis v. N.Y.C. Dep't of Educ.*, 804 F.3d 231, 235 (2d Cir. 2015) (citations omitted); *see also Noll v. Int'l Bus. Machines Corp.*, 787 F.3d 89, 94 (2d Cir. 2015) ("The ADA . . . require[s] an employer to afford reasonable accommodation of an employee's known disability unless the accommodation would impose undue hardship on the employer.") (citing 42 U.S.C. § 12112(b)(5)(A)).

[2] GINA makes it "an unlawful employment practice for an employer to fail or refuse to hire . . . any employee . . . because of genetic information with respect to the employee." 42 U.S.C. § 2000ff–1(a)(1). To state such a claim, a plaintiff must allege "(1) that [he] was an employee; (2) who was discharged or deprived of employment opportunities; (3) because of information from Plaintiff's genetic tests." *Allen v. Verizon Wireless*, No. 3:12-CV-482 (JCH), 2013 WL 2467923, at *23 (D. Conn. June 6, 2013). GINA defines genetic information as "information about − (i) such individual's genetic tests, (ii) the genetic tests of family members

3

amended complaint. Plaintiff does not, however, allege any facts suggesting that either the ADA or GINA is applicable to her claims. She alleges no facts suggesting that she is disabled within the meaning of the ADA or that Defendant took any adverse employment action against her because of a disability in violation of the ADA. Nor does she allege any facts indicating that any action was taken against her because of her genetic information in violation of GINA. The Court therefore dismisses any claims Plaintiff is asserting under the ADA or GINA for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Similarly, Plaintiff does not state a plausible claim for relief under Title VII. In the amended complaint, Plaintiff had indicated that the underlying basis for her Title VII claim was her American nationality. She continues to cite Title VII but does not state what Defendant did to violate Title VII. Plaintiff asserts that Simon bullied and harassed her and made comments that constitute discrimination based on her height and weight, which are "protected characteristic[s]" under a recent New York City law. (ECF 7 at 9.) She does not, however, provide any facts suggesting that Simon's conduct, or that of any other employee at Archcare at Mary Manning Walsh Nursing Home, was motivated in any way because of her race, color, religion, sex, or national origin in violation of Title VII. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). Plaintiff fails to allege any facts showing that Defendant discriminated or retaliated against her based on impermissible factors under Title VII such as her race, color, religion, sex, or national origin. The Court therefore dismisses Plaintiff's Title VII claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

of such individual, and (iii) the manifestation of a disease or disorder in family members of such individual." 42 U.S.C. § 2000ff.

### B.  State Law Claims

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

### C.  Leave to Amend Denied

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff's second amended complaint does not suggest that she could bring viable claims with further amendment, the Court declines to grant Plaintiff another opportunity to amend.

### CONCLUSION

The Court dismisses this action for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   August 7, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge